**STATE of Tennessee, Appellant,**

v.

**Tommy E. PATTY, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

April 3, 1995.

Charles W. Burson, Attorney General & Reporter, Merrilyn Feirman, Assistant Attorney General, Nashville, for appellant.

Mack Garner, District Public Defender, Maryville, for appellee.

1. Tenn.Code Ann. § 39–6–1718 (1982).

BIRCH, Justice.

In May 1990, as a result of convictions for felonious possession of a firearm[1] and concealing stolen property exceeding $200 in value,[2] the trial court sentenced Tommy E. Patty, the appellee, to two years for each offense—a total of four years. Except for two months in jail, the rest of the sentence was suspended with Patty on probation.

Following an evidentiary hearing held January 29, 1991, the trial court found that Patty had violated the conditions of probation. For this violation, the trial court ordered Patty to serve an additional 90 days in jail; he was then to be placed in a community corrections program for the remainder of his sentence.

On April 14, 1992, after a hearing, the trial court found that Patty had failed to comply with certain conditions of the community corrections program. The trial court terminated Patty's participation in the community corrections program and resentenced him to four years for each offense—a sentence twice the length as originally set; however, the sentences were ordered to be served concurrently.

The Court of Criminal Appeals considered Patty's appeal of right and found that he was, at all times pertinent, a Range I offender and that the crimes he had committed were Class E felonies. Further, the court found that the maximum Range I sentence for each of the two Class E felonies is two years. Thus, the court concluded that the judgment sentencing Patty to a four-year term for each offense was "not authorized" and reinstated the sentences as originally imposed.

We granted the State's application for Tenn.R.App.P. 11 review in order to determine whether the Court of Criminal Appeals ruled correctly.

We affirm.

I

The State of Tennessee vigorously contends before this Court that the enlargement of the community corrections sentence was

2. Tenn.Code Ann. § 39–3–1112(b) (1982).

authorized by Tenn.Code Ann. § 40–36–106(e)(4),[3] which provides as follows:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Patty insists that the imposition of the four-year sentences violated his rights under the state and federal constitutions and that Tenn.Code Ann. § 40–36–106(e)(4) should not be accorded such a broad construction.

The precise issue we address is whether the language of Tenn.Code Ann. § 40–36–106(e)(4) authorizes, following a termination of a defendant's participation in a community corrections program, resentencing within a higher range than that of the original sentence. We find that it does not.

Our review of this sentencing issue is *de novo,* and in conducting a *de novo* review, this Court must consider:

1. the evidence, if any, received at the trial and the sentencing hearing;
2. the presentence report;
3. the principles of sentencing and arguments as to sentencing alternatives;
4. the nature and characteristics of the criminal conduct involved;
5. any statutory mitigating or enhancement factors;
6. any statement that the defendant made on his own behalf; and
7. the potential or lack of potential for rehabilitation or treatment.

Tenn.Code Ann. §§ 40–35–103 and –210. *See State v. Smith,* 735 S.W.2d 859 (Tenn. Crim.App.1987).

Both parties agree that the case of *State v. Griffith,* 787 S.W.2d 340 (Tenn.1990) is in-

structive, if not dispositive. In *Griffith,* the defendant entered a plea of guilty to grand larceny. The trial court sentenced Griffith as a Range I, standard offender, to a three-year term. Thirty days of this sentence were to be served in the county jail; the remaining portion would be served in the custody of West Tennessee Corrections, Inc., a community corrections program. Griffith completed the thirty-day term and was transferred, as ordered, to the community corrections program. Approximately six months later, the trial court revoked the sentence and resentenced the defendant as a Range I, standard offender, to four years in the Department of Correction. Additionally, the trial court allowed the defendant credit for time served both in the county jail and in the community corrections program. Griffith challenged, on double-jeopardy grounds, the constitutionality of such a sentence enlargement.

Construing Tenn.Code Ann. § 40–36–106(e)(4) in *Griffith,* the Court affirmed the constitutionality of the sentence enlargement. Justice Cooper wrote for the Court:

> A defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed. This being so, the decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, the practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence to a community based alternative to incarceration was not effective.

Thus, the *Griffith* Court found that the defendant had not been subjected to multiple punishments for the same offense. On this basis, the Court held that the double-jeopardy guarantees had not been violated.

---

**3.** This statute was formerly found at Tenn.Code Ann. § 40–36–106(e)(3). It was redesignated by the 1993 amendment.

The *Griffith* holding does not provide perfect guidance in the cause under review, for unlike Patty, Griffith was resentenced *within the same range* as that within which he had been originally sentenced. Nevertheless, the issues raised in *Griffith* are applicable to a community corrections sentence.

While *Griffith* settles the question of sentence enlargement, as far as it goes, the precise question—whether that enlargement may extend beyond the initial sentence into the next range—is an issue of first impression in Tennessee.

One approach to resolution of this issue is through principles of statutory construction. As stated, Tenn.Code Ann. § 40–36–106(e)(4) permits the trial court, upon revocation, of a community corrections sentence, to "resentence the defendant to any appropriate sentencing alternative, including incarceration for any period of time up to the maximum sentence provided by law for that offense." This section should be read *in pari materia* with the preceding section, § 40–36–106(e)(2), which provides:

> In sentencing an eligible defendant to any community-based alternative to incarceration, the court shall possess the power to set the duration of the sentence for the offense committed at any period of time up to the maximum sentence *within the appropriate sentence range,* and shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed.

(emphasis added). We think that in reading these sections together it is clear that a trial judge imposing a new sentence as a result of community corrections failure is bound to sentence the defendant within the range of the original sentence. In the context of probation, revocation, and resentencing, other courts have held that the new sentence imposed cannot be in a different range than the original sentence. *See e.g., United States v. Granderson,* 511 U.S. 39, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994); *United States v. Wright,* 2 F.3d 175 (6th Cir.1993); *Cook v. State,* 645 So.2d 436 (Fla.1994); *State v. Ennis,* 464 N.W.2d 378 (N.D.1990).

In this case and others like it, the defendant and the State initially agree to the range into which the sentence should fall. More often than not, they agree also on the specific sentence to be recommended to the trial court and imposed upon the defendant. The State's recommendation is nearly always accepted by the trial court. Once accepted, at least as to range, to permit a later enhancement beyond the original range violates fundamental concepts of justice.

In this case, Patty committed the crimes charged prior to the effective date of the Criminal Sentencing Reform Act of 1989. However, he was to be sentenced under the provisions of the reform act. Tenn.Code Ann. § 40–35–117(b). His first guilty plea was entered to felonious possession of a firearm in a public school. *See* Tenn.Code Ann. § 39–6–1718 (1982). Under the reform act this is a Class E felony. Tenn.Code Ann. § 40–35–118 (1989). Thus, as a Range I offender, Patty may only be sentenced within the range of one to two years for this offense.

The second plea was to concealing stolen property exceeding $200 in value. *See* Tenn. Code Ann. § 39–3–1112(b) (the title of this section is "Receiving stolen goods over two hundred dollars in value"). We find that this offense is listed in the reform act and classified as a Class D felony. *See* Tenn.Code Ann. § 40–35–118 (1980). Thus, as a Range I offender, Patty may only be sentenced within the range of two to four years for this offense.

Although the Court of Criminal Appeals misapprehended the classification of the offense of concealing stolen property exceeding $200, their modified judgment was within the correct range.

Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

ANDERSON, C.J., DROWOTA, and REID, JJ., and O'BRIEN, Special Justice, concur.

### ORDER ON PETITION FOR REHEARING

This case is before this Court on the State's petition for rehearing, filed on April 17, 1995. On the issue of the sentence imposed for the offense of concealing stolen

property exceeding $200, we GRANT the petition for rehearing and AFFIRM the trial court's sentence of four years for the offense of concealing stolen property exceeding $200.