IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION

FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03C01-9601-CC-00027 |
| | ) | |
| Appellee | ) | |
| | ) | BLOUNT COUNTY |
| V. | ) | |
| | ) | HON. D. KELLY THOMAS, |
| TWIKA TEAGUE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

Mack Garner
District Public Defender
419 High Street
Maryville, TN 37801

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


Michael L. Flynn
District Attorney General

Edward P. Bailey, Jr.
Assistant District Attorney
363 Court Street
Maryville, TN 37804

OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

**OPINION**

The appellant, Twika Teague,[1] appeals as of right the sentence imposed by the Blount County Circuit Court after the revocation of her placement in community corrections. Appellant was serving a four year sentence for the offense of robbery, a Class C felony. After revoking her community corrections sentence, the trial court increased her sentence to five years and ordered that it be served in the Department of Correction. Appellant contends that the trial court erred in enhancing her original sentence. We affirm the increased sentence.

Appellant was indicted in October of 1992 on two counts of robbery. Pursuant to a plea agreement, she pled guilty to one count of robbery in July of 1993. At her original sentencing hearing, the trial court ordered that appellant serve four years in the Department of Correction, but placed appellant on immediate probation. The order of probation required, among other things, that appellant enter counseling for emotional problems she was experiencing, obtain regular employment, report regularly to her probation officer, report any change of address to her probation officer, and make payments to satisfy court costs and restitution. On April 12, 1994, a warrant for violation of appellant's probation was issued, primarily based upon information that appellant had been convicted of child abuse or neglect in Carroll County. The warrant also detailed other violations of all the above conditions. Following a hearing, the trial court revoked appellant's probation and directed her placement in community corrections for the remainder of her sentence.[2]

Appellant again failed to comply with the conditions of her release and on March 9, 1995, a warrant for violation of community corrections was issued. It was

---

[1]This is appellant's name as spelled in the indictment. It is very likely that this is a clerical error because the remainder of the court documents, as well as the briefs of the parties, name the appellant "Tevika Teague." However, it is the policy of this Court to maintain the appellant's name as stated in the indictment.

[2]Although the transcript from this revocation hearing is not included in the record, the above information is taken from the arrest warrant, its supporting documents, and the trial court's revocation order which are a part of the technical record.

2

premised upon appellant's violation of house arrest, performance of only 32 of 200 required community service hours, failure to make payment on costs and restitution, failure to attend GED classes, failure to obtain consent before moving to another residence, failure to pay supervision fees, failure to report to her community corrections officer, and failure to carry out all orders and directions given by the community corrections officer. A revocation hearing was held in the trial court on August 29, 1995.

Appellant's community corrections supervisor, Patricia Ridings, testified at the hearing. Ridings stated that appellant's problems began in December of 1994 when she started missing her group sessions. In addition, appellant changed her residence without gaining permission from Ridings. As a result, Ridings placed her on house arrest. Appellant missed three curfew checks in the first week and also reported employment which was false upon verification. After much effort, Ridings met with appellant once in January and once in February. She directed that appellant abide by the terms of her community corrections and also advised appellant to enter a halfway house. After seeing appellant in February, Ridings was unable to locate her again. She obtained a warrant for violation of community corrections on March 9, 1995. At some point after issuance of the warrant, appellant contacted Ridings by telephone and indicated that she needed treatment for cocaine. Ridings informed appellant that there was an outstanding warrant and that she needed to turn herself in to authorities. Appellant failed to do so and Ridings had no further contact with her. She was not taken into custody until August 7, 1995.

Appellant also testified and admitted violating the conditions of her sentence. She stated that Ridings' testimony about her violations was accurate, except that she did report when she moved. Appellant testified that she started using cocaine on October 23, 1994 to celebrate her twenty-first birthday. She explained that her habit was "real, real bad." At the time of the hearing, she claimed that she had not used cocaine in four months, but declared her willingness to enter an inpatient drug

3

treatment program.  In addition, appellant expressed a desire to be put into a program with constant supervision because "I can't say that I really learned my lesson. . ." She also admitted having a long history in the juvenile courts.

The trial court determined that appellant had never followed the rules of the community corrections program or the laws of the State.  It found that the violations outlined in the warrant were supported by the testimony.  The court also noted that appellant acquired a drug habit while on community corrections.  Based upon those findings, the trial court revoked appellant's community corrections sentence and increased her sentence from four years to five years to be served in the Department of Correction.

The Community Corrections Act of 1985 permits a trial court to retain jurisdiction over an offender who is placed in the program and to revoke the sentence imposed at any time based upon the offender's conduct.  Tenn. Code Ann. §40-36-106(e)(4) (Supp. 1996).  Considering the appellant's admitted violations and overwhelming proof at the hearing, the trial court was justified in revoking appellant's placement in community corrections.  Appellant does not contest that ruling.

However, appellant does challenge the trial court's enhancement of her sentence from four years to five years.  After revoking a community corrections sentence, the trial court has statutory authority to resentence the defendant for any period of time up to the maximum sentence provided for the offense committed.  Id. See also State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990).  Although an increase is permitted, the new sentence may not exceed the range of the original sentence.  State v. Patty, 922 S.W.2d 102, 103 (Tenn. 1995).

When a trial court resentences an offender after revocation of community corrections, the sentencing must be in accordance with the principles and guidelines of the Sentencing Act.  See State v. Michael Alderson, No. 01C01-9404-CC-00120 (Tenn. Crim. App. at Nashville, October 17, 1996), perm. to appeal denied (Tenn. 1997).  See also Patty, 922 S.W.2d at 103 (applying the 1989 Sentencing Act to

4

review of an increased sentence after revocation of community corrections). As with our review of other sentencing decisions, we conduct a *de novo* review,[3] which is accompanied by a presumption of correctness only when the trial court considered the sentencing principles and all relevant facts and circumstances. Tenn. Code Ann. §40-35-401(d) (1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In general, the Act requires the trial court to place on the record the reasons for the final sentencing decision, to identify the enhancing and mitigating factors applicable and the facts supporting application of these factors, and to explain how the factors were balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994). See also Tenn. Code Ann. §40-35-210 (Supp. 1996). When a trial court fails to follow the foregoing procedure, the presumption of correctness fails. Jones, 883 S.W.2d at 600. See also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In appellant's case, the trial court did not explicitly delineate the applicable enhancement factors for the increased sentence and the presumption of correctness must fail. Nevertheless, upon our *de novo* review of the record, we find that a sentence of five years was justified under the Sentencing Act.

The trial court enhanced appellant's sentence by one year. Appellant's offense, robbery, is a Class C felony which has a Range I sentence of three to six years. Therefore, a five year sentence does not exceed the range. See State v. Patty, 922 S.W.2d 102, 103 (Tenn. 1995). Moreover, we believe it is justified by the application of two enhancement factors. Appellant's actions reflect a previous unwillingness to comply with the conditions of a sentence involving release into the community and also that she continued engaging in criminal behavior. Tenn. Code Ann. §40-35-114(8), (1) (Supp. 1996).

Within six months of being placed on probation, appellant violated the law, was convicted of child abuse/neglect and was serving 90 days in jail. Not only was her

_____

[3]When reviewing only the propriety of the trial court's revocation, the appropriate standard of review is abuse of discretion. State v. Harkin, 811 S.W.2d 79, 82 (Tenn. 1991).

5

commission of this offense violative of her probation, her failure to report it to her probation officer was also a violation. Appellant had committed numerous other infractions, including her move to another part of the State without permission. After being placed in community corrections, she again took advantage of the largesse of the court. Only five months after that placement, appellant violated "virtually every rule of her Community Corrections Program agreement, including absconding." After being informed of the outstanding warrant, appellant refused to turn herself in to authorities. Appellant has shown little respect for the leniency of the trial court, demonstrated by repeatedly failing to comply with the conditions of the alternative sentences granted by the trial court. Clearly, she has demonstrated an unwillingness to comply with the conditions of a sentence involving her release into the community.

Her use of cocaine and conviction for child abuse/neglect exhibit criminal behavior and also must be considered in enhancing her sentence. See Tenn. Code Ann. §40-35-114(1) (Supp. 1996); State v. Michael Alderson, No. 01C01-9404-CC-00120 (Tenn. Crim. App. at Nashville, October 17, 1996), perm. to appeal denied (Tenn. 1997). Appellant contends that no change in circumstances affecting the enhancement factors has occurred since her original sentencing. Unfortunately, we cannot so easily overlook appellant's subsequent conviction for child abuse/neglect, her sustained cocaine addiction, and her unwillingness to abide by the terms and conditions of her sentence.

Included in the record before us was the entire history of this robbery charge against appellant, from the indictment to the last order of enhanced sentence. The record contained the presentence report, the copies of arrest warrants and supporting affidavits from probation and community correction officers, as well as the transcript from the last revocation hearing. The extensive information available in the record

6

facilitated our *de novo* review. The appellant's increased sentence is proper.[4] The

sentence is affirmed.

_____
William M. Barker, Judge


_____
Joseph M. Tipton, Judge


_____
Curwood Witt, Judge

---

[4]We note that the comprehensive nature of the record before us distinguishes appellant's case from the many in which remand is required due to an inadequate record. See e.g. State v. Bruce Cole, No. 02C01-9510-CC-00290 (Tenn. Crim. App. at Jackson, December 10, 1996); State v. Kenneth W. Ervin, No. 03C01-9510-CC-00325 (Tenn. Crim. App. at Knoxville, October 30, 1996); State v. Danny Walker, No. 02C01-9508-CC-00225 (Tenn. Crim. App. at Jackson, September 30, 1996); State v. Keith F. Batts, No. 01C01-9210-CR-00326 (Tenn. Crim. App. at Nashville, February 18, 1993).