IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION

FILED

March 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9804-CC-00115 |
| Appellee, | * | GIBSON COUNTY |
| VS. | * | Honorable Dick Jerman, Jr., Judge |
| COURTNEY PRICE, a.k.a. | * | (Two counts of sale of less than .5 gram cocaine) |
| COURTNEY ROBERTSON, | * | |
| Appellant. | * | |

For Appellant:

J. Diane Stoots
Assistant District Public Defender
107 South Court Square
Trenton, TN  38382

For Appellee:

John Knox Walkup
Attorney General & Reporter

Elizabeth T. Ryan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

Clayburn Peeples
District Attorney General
110 College Street, Suite 200
Trenton, TN  38382

OPINION FILED: _____

AFFIRMED AS MODIFIED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Courtney Price, a.k.a. Courtney Robertson, pled guilty to two counts of the illegal sale of a controlled substance. He appeals his five-year sentence to TDOC, claiming the trial court made no findings of fact to support the enhanced sentence. We affirm the judgment but modify the sentence to four years.

The defendant entered his guilty pleas in 1994. The trial court originally imposed Range I, concurrent, four-year terms to be served on community corrections. Later, however, the trial court revoked the community corrections sentence and ordered the defendant to serve a six-year term in TDOC. The defendant appealed, arguing that while the revocation was appropriate, the trial court did not provide any reasons for increasing the sentence from four to six years. This court concluded that the trial court "summarily sentenced the appellant to six years, without indicating ... any legal basis for the increased sentence" and remanded for a new sentencing hearing conducted in conformity with the 1989 Sentencing Reform Act. State v. Courtney Price, a.k.a. Courtney Robertson, No. 02C01-9606-CC-00203, slip op. at 3 (Tenn. Crim. App., at Jackson, July 16, 1997).

A new sentencing hearing was held on February 17, 1998. At that time, the defendant was on parole. Defense counsel advised the trial court that the defendant "did not wish to pursue this appeal any further." The trial court ruled, however, that "I don't think you can waive it once you've appealed it." Although a presentence report had not been requested, the trial court concluded that one was not necessary. At that point, Marcus Jones, an officer with the Corrections Management Corporation, was called as a witness for the state. Jones testified that he sought the revocation because the defendant had not maintained employment and had failed drug screening tests.

2

The trial court imposed sentence as follows:

> As I understand the law ... the Court has got the right to resentence you to any reasonable sentence including and up to incarceration up to the maximum amount of the range which is six years. For whatever reason the Court of Criminal Appeals did not think a six year sentence was appropriate so I'm going to reduce that to five years. The thing they didn't seem to like was the reasons that I did not give for resentencing you and increasing the amount of time that I gave you. It should have been fairly obvious to them. What I think they're trying to do, they're trying to say that you've got to use these enhancement and mitigating factors and I'm not sure that's what the law says. They need to reread the law when they look at this again. The law says that you can do it for any reason if they don't comply with the terms of the community corrections program. Mr. Price, I gave you two terms that you violated. One was to get a job, which you didn't do, and the other was to not use dope, which you did, and that's the reason that I increased the sentence. That's the reason that I took you from the program. I do not understand why the Court of Criminal Appeals couldn't understand it. It seemed fairly obvious, but for, the record, that's why I'm doing it. This doesn't have anything to do with enhancing and mitigating factors set out in 40-35-114. They may be trying to say that those are the only way you can enhance. That's not what the law says. The law is very plain and if that's what they think the law says they need to reread the law.
>
> I sentence you to serve five years in the State Penitentiary.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at

3

the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for community corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of

4

committing violent offenses;  and

> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Once a defendant violates the terms of his community corrections sentence, the trial court may revoke the sentence and impose a new sentence:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(3).

Courts of this state have consistently held that when a trial judge imposes a sentence which exceeds the length of the initial sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989.  See, e.g., State v. Patty, 922 S.W.2d 102 (Tenn. 1995) (the supreme court applied the 1989 Act to review an increased sentence after revocation of community corrections); State v. Cooper, 977 S.W.2d 130 (Tenn. Crim. App. 1998); State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); State v. Danny Walker, No. 02C01-9706-CC-00218 (Tenn. Crim. App., at Jackson, Apr. 22, 1998); State v. James Dantes, No. 02C01-9705-CC-00184 (Tenn. Crim. App., at Jackson, Dec. 15, 1997); State v. Robert Moore, No. 01C01-9608-CC-00335 (Tenn. Crim. App., at Nashville, Sept. 30, 1997); State v. Twika Teague, No. 03C01-9601-CC-00027 (Tenn. Crim. App., at Knoxville, May 19, 1997).  In Ervin, the late Judge Joe B. Jones explained that the "Tennessee Criminal Sentencing Reform

Act of 1989 and the Community Corrections Act of 1985 are in pari materia." 939 S.W.2d at 583 (citing State v. Taylor, 744 S.W.2d 25 919, 920 (Tenn. Crim. App. 1987)). If, therefore, the trial court chooses to increase the term of the sentence after revoking a community corrections sentence, a sentencing hearing must be conducted in accordance with the mandates of the 1989 Sentencing Reform Act. See Tenn. Code Ann. §§ 40-35-209(a) and -210(a) through (e). Before the trial court increases the sentence, it must consider the application of the enhancement factors enumerated in Tenn. Code Ann. § 40-35-114. Id. The provision of the Community Corrections Act allowing for an increased sentence "should not be used by the trial courts for the sole and exclusive purpose of punishing an accused for violating provisions of a community corrections sentence." Ervin, 939 S.W.2d at 583.

Here, the record demonstrates the trial court erred by increasing the sentence because the defendant violated the terms of his community corrections contract. That is not a lawful basis for increasing the sentence. In consequence, our review of this case must be de novo without the presumption of correctness. Ashby, 823 S.W.2d at 169.

To summarize, the defendant pled guilty to two Class C felonies. A Range I sentence may be from three to six years. Tenn. Code Ann. § 40-35-112(a)(3). The trial court originally imposed four-year terms. The defendant did not appeal. The record does not contain a presentence report. There was no proof offered by the state at the sentencing hearing of the existence of any enhancement factors. Because the record does not include any basis for the increase of the sentence from four to five years other than that the defendant violated the terms of his community corrections contract, the sentence for each conviction must be

6

modified from five years to four years.

The judgment of the trial court is so modified.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
John Everett Williams, Judge

7