IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 4, 2002 Session

**STATE OF TENNESSEE v. DEBRA KAY THOMAS**

**Appeal from the Circuit Court for Henry County**
**No. 12113     Julian P. Guinn, Judge**

---

**No. W2001-02039-CCA-R3-CD - Filed July 18, 2002**

---

The defendant, Debra Kay Thomas, appeals the Henry County Circuit Court's resentencing her upon revocation of her community corrections sentence. She claims that the trial court erred in failing to give her credit for the time she served in confinement and in the community corrections program under her original sentence. The state agrees. We hold that the defendant was improperly sentenced and remand the case for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Victoria L. DiBonaventura, Paris, Tennessee, for the appellant, Debra Kay Thomas.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 31, 1994, the defendant pled guilty to possession of a Schedule II controlled substance with intent to deliver or sell, a Class B felony; possession of a Schedule III controlled substance with intent to deliver or sell, a Class D felony; and simple possession of marijuana, a Class A misdemeanor. The trial court sentenced her as a Range I, standard offender to an effective sentence of eight years with seven years to be served in the community corrections program upon her serving one year in confinement. On July 3, 2001, a community corrections violation warrant was filed alleging that the defendant had tested positive for marijuana on May 29, 2001. On July 9, 2001, the trial court revoked the defendant's community corrections sentence.

At the resentencing hearing, Joseph Fry, the defendant's community corrections supervisor, testified the defendant had done well in community corrections until she tested positive for marijuana. He said failing the drug screen was the only reason for revoking her community corrections sentence. He said that before the defendant tested positive for marijuana, he had discussed her drug problem with her and she had enrolled in an inpatient treatment program. He said that the defendant stayed in the program only four of five days and that she left the program against medical advice. He said the defendant cited her high blood pressure and other medical problems as reasons for leaving the treatment program.

The defendant testified that when she entered the inpatient treatment program, her blood pressure "shot up." She said she left the program and went into the hospital to get treatment for her high blood pressure. She said that after she left the hospital, she began an intensive outpatient drug treatment program at Baptist Hospital. She said she completed that program and began an aftercare program in which she received counseling once or twice a month at the Carey Counseling Center. She said she was going to stay in the aftercare program in order to remain drug free. She said she wanted to be returned to community corrections.

The presentence report reflects that the then forty-one-year-old defendant had dropped out of high school in the tenth grade and was trying to get her GED. The defendant reported having several medical problems and suffering from manic-depressive illness. According to the report, the defendant started using marijuana in 1973 and relapsed in May 2001, when medical and personal problems became too much for her to handle. The defendant was previously convicted of a traffic offense.

The trial court noted that the minimum sentence in this case is eight years. See Tenn. Code Ann. § 40-35-112(a)(2). Although the trial court stated that enhancement factors applied, it decided not to enhance the defendant's sentence. The trial court found that no mitigating factors applied. It resentenced the defendant to eight years, with six months to be served in continuous confinement and the remainder of the sentence to be served in the community corrections program. When defense counsel asked if the defendant would get credit for the time she served under the original sentence, the trial court stated that the defendant could not "credit the old sentence against the new one."

The defendant claims that the trial court erred in failing to give her credit for the time she spent in confinement and in the community corrections program under her original sentence. She contends that in refusing to give her any credit, the trial court sentenced her in effect to sixteen years when the maximum sentence within her range is only twelve years. The state agrees that the defendant is entitled to receive credit for the time she served in community corrections. We conclude that the trial court improperly sentenced the defendant.

Pursuant to Tenn. Code Ann. § 40-36-106(e)(4), a trial court has the power, upon revocation of a community corrections sentence, to resentence a defendant to a period of incarceration up to the maximum for the offense originally committed. The trial court must resentence the defendant within

the range of the original sentence.  State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995).  Moreover, any resentencing is subject to a defendant receiving credit for the time he or she served in the community corrections program.  Tenn. Code Ann. § 40-36-106(e)(4).  A defendant is entitled to credit for any other time spent in confinement for the original sentence.  Tenn. Code Ann. § 40-23-101(c).  In this case, the defendant should have received such credit for the time she served in jail and in the community corrections program under her original sentence.

In consideration of the foregoing, we hold that the trial court erred in resentencing the defendant without giving her credit for time served in confinement or in the community corrections program under her original sentence.  We remand the case for resentencing in light of our opinion.

_____
JOSEPH M. TIPTON, JUDGE