IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2008

**STATE OF TENNESSEE v. HERMAN JONES**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-00493    James C. Beasley, Jr., Judge**

_____

**No. W2007-02796-CCA-MR3-CD  - Filed March 26, 2009**

_____

Pursuant to a negotiated plea agreement, the defendant, Herman Jones, pleaded guilty to theft of property over $1,000 and evading arrest, Class D felonies.  As a result, he was sentenced to concurrent sentences of four years as a Range II offender to be served in community corrections with the first year to be served in the Synergy drug treatment program.  Subsequently, the trial court revoked the community corrections sentences and resentenced the defendant to concurrent twelve year sentences as a career offender.  From that order, the defendant appeals.  Upon review of the record and the parties' briefs, we affirm the judgments of the trial court but modify the defendant's concurrent sentences to eight years in the Department of Correction as a Range II offender.  The case is remanded for entry of corrected judgments consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed and Modified**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Garland Ergüden, (on appeal), Michael Johnson (at trial), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Herman Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Damon Griffin, Michelle Parks and Patience Branham, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On April 3, 2007, pursuant to a negotiated plea, the defendant pleaded guilty to theft of property over $1,000 and evading arrest, Class D felonies.  As a result, he was sentenced to concurrent sentences of four years as a Range II offender.  On April 27, 2007, a hearing was held to determine the manner of service of the defendant's sentences.  At the hearing, the defendant acknowledged that he had a lengthy criminal history.  He admitted to having a drug problem and sought to be placed in the Synergy drug treatment program for help with his addiction.  He testified

that he understood that Synergy was a program with very strict rules, and if he violated them he would be discharged from the program, be in violation of the terms of his community corrections sentence, and be resentenced. Upon questioning from the trial court, the defendant admitted that he qualified as a career offender but nonetheless pled guilty as a Range II offender. The court advised the defendant of the possible consequences of violating the terms of the community corrections sentence. The court told the defendant that, if he violated the terms of community corrections, he would be resentenced as a career offender and be subject to a maximum sentence of twelve years with a sixty percent service requirement. The defendant was also warned that his concurrent sentences could be changed to consecutive.

On September 26, 2007, the state filed a petition to revoke the defendant's community corrections sentence, alleging that the defendant violated its terms and conditions. A revocation hearing was held on October 30, 2007. At the hearing, Felicia Elion testified that she was the defendant's case officer in the community corrections program and that he was placed under her supervision. Ms. Elion testified that on May 1, 2007, the defendant reported to Synergy for drug rehabilitation, but he was discharged from the program on June 11, 2007 because he broke a non-negotiable rule when he accosted a female resident. When the defendant was confronted with this allegation, he admitted that he grabbed the "female's posterior." Ms. Elion related that after the defendant was discharged from Synergy, he made no contact. On August 14, 2007, the defendant was arrested on charges of vandalism and criminal trespass. Thereafter, he pled guilty to vandalism, and the charge of criminal trespass was dismissed.

The defendant testified that he had "brush[ed]" against the female resident as he moved past her while carrying groceries into the building. The defendant said he admitted to the Synergy staff that he touched the female and was immediately expelled from the program. The defendant said that he tried to contact Ms. Elion but was told that she was on vacation. The defendant noted that he found a job and worked until being laid off in June. The defendant acknowledged that he was arrested and pled guilty to vandalism. He explained that he went to a friend's home but did not realize that the friend had been evicted and was not suppose to be on the premises. He recalled that he, his friend, and a female companion were all charged with vandalism because of a broken window found in the home.

At the conclusion of the revocation hearing, the trial court concluded that the defendant had violated the terms of his community corrections sentence and ordered it revoked. The court then noted the defendant's lengthy criminal history, including a number of felony convictions. According to the court, the presentence report revealed that the defendant qualified as a career offender. The court recalled that the defendant admitted he qualified as a career offender notwithstanding his guilty plea as a Range II offender. The court stated the following:

> [T]he Court finds that [the defendant] freely and voluntarily entered his guilty plea, with the full knowledge of his prior convictions. The fact that he qualified as a career offender. He entered this guilty plea with the request from the Court that he be allowed to be sentenced under the Community Corrections Act, with full knowledge that if he violated, he could be resentence[d] as a career offender. . . . The Court will impose a sentence of twelve years, as a career offender in count one and

-2-

count two. The Court will allow those sentences to remain concurrent . . . . I will grant him five months [of] street credit pursuant to statute. . . .

## ANALYSIS

On appeal, the defendant does not challenge the revocation of his community corrections sentence, but rather, the defendant submits that the trial court erroneously resentenced him as a career offender in violation of *State v. Patty*, 922 S.W.2d 102 (Tenn. 1995). The state agrees with the defendant's argument.

At the onset of our review, we note that the defendant's notice of appeal was filed a few days late. Tennessee Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days of the judgment from which the appeal is taken unless waived by this court in the interest of justice. Tenn. R. App. P. 4(a). All things considered, we conclude that waiving the timely filing requirement serves the interest of justice and allows a speedy determination of the merits of the issue. *Id*.

Appellate review of a challenged sentence is a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401 (2006). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

When a trial court revokes a defendant's community corrections sentence, the court has the authority to resentence the defendant to a period of incarceration up to the maximum sentence for the offense originally committed as long as the defendant is given credit for time already served in any Community Corrections Program. Tenn. Code Ann. § 40-36-106(e)(4). The trial court may impose a sentence greater than the original sentence without offending the double jeopardy provision of either the Tennessee Constitution or the United States Constitution. *State v. Griffith*, 787 S.W.2d 340, 341-42 (Tenn. 1990). However, before imposing a sentence greater than the one originally imposed, the trial court must conduct a sentencing hearing pursuant to the Criminal Sentencing Reform Act. *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). Relative to the sentencing hearing, the record "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). The purpose of the statutory requirements is to ensure that a proper record is made for appellate review. *State v. Ervin*, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

In *State v. Patty*, our supreme court held that section 40-36-106(e)(4) did not authorize resentencing in a higher range than that of the original sentence. *Patty*, 922 S.W.2d at 103. In *Patty*, the defendant originally received two-year, Range I sentences for each of the two Class E felonies for which he was convicted. After revoking his community corrections sentence, the trial court increased the defendant's sentences to four years each, even though the maximum sentence for a Range I offender convicted of a Class E felony was two years. The supreme court determined that the trial court's resentencing was not authorized, holding "that a trial judge imposing a new sentence as a result of a community corrections failure is bound to sentence the defendant within the range

of the original sentence." *Id.* at 104. The supreme court clarified that the "maximum sentence provided for the offense committed," which is the trial court's limit in resentencing a defendant under section 40-36-106(e)(4), is the maximum term in the sentencing range that the trial court originally applied. *Id.* at 104; *see also Baker v. State*, 989 S.W.2d 739, 741 (Tenn. Crim. App. 1998) (stating that because the petitioner was sentenced originally as a Range I offender, "[s]ince there is a maximum of twelve years that may be imposed on any Range I offender convicted of a class B felony, any sentence over twelve years [after revocation of his community corrections sentence] would be illegal"). The supreme court also emphasized the following:

> In this case and others like it, the defendant and the State initially agree to the range into which the sentence should fall. More often than not, they agree also on the specific sentence to be recommended to the trial court and imposed upon the defendant. The State's recommendation is nearly always accepted by the trial court. Once accepted, at least as to range, to permit a later enhancement beyond the original range violates the fundamental concepts of justice.

*Patty*, 922 S.W.2d at 104.

As the state concedes, this court has consistently followed the holding in *Patty*. In both *State v. Clifton E. Lee*, No. W2006-01849-CCA-R3-CD, 2007 WL 2247249 (Tenn. Crim. App., at Jackson, Aug. 3, 2007) and *State v. Roderick Chapman*, No. W2007-00140-CCA-R3-CD, 2008 WL 109116 (Tenn. Crim. App., at Jackson, Jan. 10, 2008), this court has explained that the Criminal Sentencing Reform Act and its amendments do not provide authority for the trial court to alter a defendant's original sentencing range beyond the already agreed-upon range that was accepted by the trial court. The law is clear, once the trial court accepts the plea agreement sentencing, it cannot later alter the range when resentencing.

In the instant case, the trial court accepted the plea agreement that allowed the defendant to be sentenced as Range II offender despite qualifying as a career offender. Therefore, the appropriate sentencing range for the defendant was Range II, which was the range to which the defendant pled guilty. Consequently, the defendant's new sentence of twelve years exceeded the maximum sentence for his conviction range. *See* Tenn. Code Ann. § 40-35-112(b)(4). Nonetheless, from our de novo review of the record, it is clear the intent of the trial court was to give the defendant the maximum sentence available. In this case, the maximum sentence for a Range II offender convicted of a Class D felony was eight years. *See id.* We therefore affirm the judgments of the trial court but modify the defendant's concurrent sentences to eight years in the Department of Correction as a Range II offender with credit for time served. The case is remanded for entry of corrected judgment forms consistent with this opinion.

_____
J.C. McLIN, JUDGE