IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

## STATE OF TENNESSEE v. DEREK SMITH

**Appeal from the Criminal Court for Shelby County**
**No. 06-08825     James C. Beasley, Jr., Judge**

_____

**No. W2008-00113-CCA-R3-CD  -  Filed April 23, 2009**

_____

The defendant, Derek Smith, pled guilty as a Range I, standard offender to aggravated burglary, a Class C felony, and assault, a Class A misdemeanor.  He received sentences of three years and eleven months, twenty-nine days to be served consecutively in the community corrections program. After the defendant was charged with theft while in the community corrections program, the trial court found that the defendant violated the terms of his community corrections sentence, revoked the sentence, and imposed a new sentence of eleven years as a Range III, persistent offender.  On appeal, the defendant contends the trial court erred in resentencing the defendant in a range higher than that of the original sentence.  We agree, and we reverse the judgment of the trial court and remand the case for resentencing of the defendant as a Range I offender.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed, Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Robert Wilson Jones, District Public Defender; and Garland Ergüden (on appeal) and Russell White and Michael Johnson (at trial), Assistant Public Defenders, for the appellant, Derek Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; William L. Gibbons, District Attorney General; and Pamela Fleming and Damon Griffin, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

These convictions relate to the burglary of a motel room by the defendant and a co-defendant and to the defendant's assault of a law enforcement officer.  The facts recited at the hearing showed that the defendant and a co-defendant threw two beer cans into a motel room window.  They entered the motel room through the broken window, took a laptop computer from the room, and carried it to the co-defendant's room in a motel located across the street, where it was hidden underneath a bed.  A witness heard the shattering of the window glass and saw two men walking together from

that room.  The witness gave the responding officers a description of the men and said that one of the men had been holding something white around his leg.  The officers saw a trail of blood from the first motel room to a room in the second motel room across the street.  The defendant and co-defendant were apprehended at a local hospital.  The defendant had a leg wound consistent with injury from glass.  The co-defendant admitted that he lived in a motel room across the street from the motel where the laptop computer had been stolen.  The co-defendant consented to a search of his motel room, where the victim's computer was found.  Regarding the assault conviction, the facts showed that the defendant struck an officer on the right side of his face.  The officer had been attempting to put the defendant into a "holding tank."

At the sentencing hearing on May 8, 2007, the defendant acknowledged having prior convictions for aggravated burglary, a Class C felony; theft of property valued over $1000, a Class D felony (three convictions); theft of property valued over $500, a Class E felony; evading arrest in a car, a Class E felony; burglary of a car, a Class E felony; and simple assault, a Class A misdemeanor.  The defendant testified that he and the co-defendant were drug addicts and that he was using cocaine at the time of the burglary.

The trial court stated that the defendant was a Range III offender but that it would sentence the defendant to community corrections as a Range I offender and allow him to enter a drug treatment program.  The court admonished the defendant that a subsequent violation would lead to a new sentencing hearing where the effective four-year sentence would not "count anymore" and where the defendant would not be able to negotiate a sentence.  The trial court stated that the defendant would then face a potential prison sentence of ten to fifteen years.  The trial court entered an order stating

> The defendant has pl[e]d guilty and been sentenced to supervision under the Community Corrections Program.  He admits that he is a Range III offender even though he pl[e]d guilty as a Range I.  He has admitted his record.  He has been advised that if he violates this sentence and program he can be resentenced as a Range III offender.  He is entering this agreement freely and voluntarily with full understanding of the ramifications if he violates.

The trial court ordered the defendant to serve his effective sentence of three years, eleven months, and twenty-nine days as a Range I offender in community corrections and to enter a drug treatment program for at least six months and to comply with its recommendations.

An amended petition to revoke the community corrections sentence was filed in December 2007.  At the revocation hearing, the defendant testified that he was charged with theft of property valued over $1000 while serving his community corrections sentence.  He said that he left the drug treatment program ordered by the trial court and that he completed a shorter program.  He said, however, that he began drinking.  He requested that the court order him into a drug program at a penal farm and that the court retain the same sentence length.

-2-

The trial court found that the defendant violated his community corrections sentence and granted the revocation petition, which alleged that the defendant was discharged from the court-ordered drug treatment program for "noncompliance," that the defendant tested positive for cocaine and alcohol, that the defendant was discharged from "aftercare" because of "noncompliance" regarding the "attendance rule" and "attitude problems," that he absconded from supervision, and that he was arrested for attempted theft of property valued between $1000 and $10,000. The trial court found that the defendant had seven prior felony convictions and one prior misdemeanor conviction. The court stated that in view of the offense classifications, the defendant was a persistent offender. The trial court stated that the following enhancement factors applied:

> (1)    The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; and

> (8)    The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community.

T.C.A. § 40-35-114 (1), (8) (2006) (amended 2007). The court found that no mitigating factors applied. The trial court stated the purposes and considerations applicable to sentencing law pursuant to Code sections 40-35-102 and -103. Invoking its earlier order, the trial court stated that the defendant both admitted his criminal record in the first sentencing hearing and understood the ramifications of violating the community corrections sentence. The trial court sentenced the defendant as a Range III, persistent offender to eleven years' incarceration. The trial court stated, nonetheless, that if it could not sentence the defendant as a Range III offender, it would order the defendant to serve a six-year sentence as a Range I offender. The court justified this alternate sentence on the defendant's extensive criminal history. The trial court stated that it acted solely in regard to the aggravated burglary sentence and not to the assault sentence.

The defendant contends the trial court erred in resentencing the defendant in a higher range than in his original community corrections sentence. He does not challenge the revocation of his community corrections sentence. He relies on State v. Patty, 922 S.W.2d 102, 103 (Tenn. 1995), in which the Tennessee Supreme Court held that Code section 40-36-106(e)(4) must be read in conjunction with section 40-36-106(e)(2), such that a trial court may not resentence a defendant after "termination of a defendant's participation in a community corrections program" to a sentence in a higher sentencing range than that of the original sentence. Patty, 922 S.W.2d at 103. The State agrees and asks this court to impose the six-year sentence offered as an alternate sentence by the trial court.

Under Patty, whether a defendant actually qualifies for a range different from that under which he was originally sentenced is not significant. Rather, the court held that upon revoking a community corrections sentence and imposing a new sentence, a trial court "is bound to sentence the defendant <u>within the range of the original sentence.</u>" Id. at 104 (emphasis added). The supreme court clarified that the "maximum sentence provided by law for that offense," which is the trial court's limit in resentencing a defendant under section 40-36-106(e)(4), is the maximum term in the

sentencing range that the trial court originally applied. Patty, 922 S.W.2d at 104; see Baker v. State, 989 S.W.2d 739, 741 (Tenn. Crim. App. 1998) (stating that because the petitioner was sentenced originally as a Range I offender for which "there is a maximum of twelve years that may be imposed on any Range I offender convicted of a class B felony, any sentence over twelve years would be illegal").

Review of the record reflects that the trial court failed to comply with statutory sentencing provisions. Thus, we review the sentence de novo without a presumption of correctness. State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

We agree with the parties' contentions. Our supreme court stated in Patty that "a trial judge imposing a new sentence as a result of a community corrections failure is bound to resentence the defendant within the range of the original sentence." Patty, 922 S.W.2d at 104; accord Samuels, 44 S.W.3d at 494 n.2. In the sentencing hearing, the defendant received a sentence of three years' service in community corrections as a Range I offender for his aggravated burglary conviction. In the resentencing hearing, the defendant was sentenced as a Range III offender to eleven years' incarceration. The trial court erred in imposing an eleven-year sentence of incarceration because such a sentence is not within the range for a Range I offender. See Patty, 922 S.W.2d at 104. The duration of a Range I sentence for a Class C felony conviction is from three to six years. T.C.A. § 40-35-112(a)(3).

The "alternate" sentence stated by the trial court, six years' incarceration as a Range I offender, is within the range of a Range I sentence. Review of the record reveals that the trial court considered the presentence report, which provides the defendant's extensive criminal history. The resentencing hearing transcript reflects that the trial court based its determination of sentence length on this enhancement factor, after considering the statutory purposes and principles of sentencing pursuant to Code sections 40-35-102 and -103. In view of the trial court's considerations of this factor and the principles and purposes of sentencing and its imposition of a sentence "consistent with the purposes and principles" of sentencing, a six-year sentence would be justified.

Based on the foregoing and the record as a whole, we reverse the judgment of the trial court sentencing the defendant as a Range III offender. We remand the case for resentencing consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE