IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs on January 5, 2016

**STATE OF TENNESSEE v. MARK ALAN HAGER**

**Appeal from the Criminal Court for Shelby County**
**Nos. W1201124 and W1201322      James C. Beasley, Jr., Judge**

———————————

**No. W2015-00570-CCA-R3-CD  -  Filed April 21, 2016**

———————————

The Defendant, Mark Alan Hager, pled guilty to a charge of burglary of a motor vehicle and to a charge of theft of property valued at $1,000 or more. See Tenn. Code Ann. §§ 39-14-402, -103, -105(a)(3).  Pursuant to the plea agreement, the defendant received concurrent terms of one year and three years respectively, on community corrections. Subsequently, the Defendant's community corrections sentence was revoked, and upon revocation, the trial court imposed a new total effective sentence of six years.  In this appeal as of right, the Defendant contends (1) that the trial court erred in imposing consecutive sentences, and (2) that the trial court erred in not awarding sufficient credit for time served on community corrections.  Following our review, we affirm the trial court's imposition of consecutive sentences; however, we remand this case to correct the judgments to reflect the full measure of the Defendant's community corrections credit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court**
**Affirmed; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Stephen Bush, District Public Defender (on appeal); Phyllis Aluko (on appeal), and Amy Mayne (at trial), Assistant District Public Defenders, for the appellant, Mark Alan Hager.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stacy McEndree and Alanda Dwyer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The Defendant was charged in case number W1201322 with burglary of a motor vehicle and in case number W1201124 with theft of property valued at $1,000 or more. On November 19, 2012, the Defendant entered a guilty plea agreement as a Range I, standard offender, which provided for a one-year sentence at thirty percent in case number W1201322 and a three-year sentence at thirty percent in case number W1201124, to be served concurrently. The trial court had reservations about placing him on an alternative sentence and warned the Defendant that he would not be given a second chance. The judge allowed the Defendant to serve the effective three-year sentence on community corrections.

On November 20, 2014, the trial court held a revocation hearing. The Defendant admitted that he had violated the terms of his community corrections sentence. The court found that the Defendant had received an additional criminal conviction in Arkansas. The trial court noted that the Defendant had a lengthy criminal history and had previously suggested alternatives to incarceration, such as probation. Acknowledging that these alternatives had been unsuccessful, the trial court stated, "I've given you opportunities and you have violated that trust."

The trial court revoked the Defendant's community corrections sentence and increased the sentence in case number W1201322 from one year to two years and the sentence in case number W1201124 from three years to four years. The trial court then ordered the sentences to be served consecutively with each other. In support of the imposition of consecutive sentences, the trial court held:

> [B]ased upon [the Defendant's] extensive record, it would appear to the [c]ourt that [the Defendant is] a professional criminal, a person who has made [his] lifestyle of committing crimes over a thirty year period of time and in my opinion the sentences should be served consecutively.

The court continued, "[The Defendant's] [r]ecord of criminal activity is extensive and for those reasons, I believe the sentence imposed should be consecutive." The record indicates the Defendant has fifteen misdemeanor convictions for crimes such as driving with a suspended license, theft, criminal trespass, and driving while under the influence (DUI). The defendant has ten felony convictions for crimes such as aggravated burglary, theft of property valued at $1,000 or more but less than $10,000, and felony DUI. Additionally, the trial court ordered the Defendant be awarded time served on community corrections.

The Defendant filed a timely notice of appeal from the criminal court's order. This matter is before this court on appeal as of right.

ANALYSIS

## I. Consecutive Sentencing

The Defendant first challenges the trial court's imposition of consecutive sentences. The Defendant argues this case should be governed by the Tennessee Supreme Court's reasoning in State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995), which held the trial judge was not permitted to resentence the defendant within a higher range than that of the original sentence. The court reasoned, "Once accepted, at least as to the range, to permit a later enhancement beyond the original range violates fundamental concepts of justice." Id. at 104. Based upon the reasoning of this case, the Defendant argues that the order to serve consecutive sentences violates fundamental concepts of justice. The Defendant also contends that the trial court erred by imposing consecutive sentences following the revocation of community corrections, when the original plea agreement provided for concurrent sentences. The State responds that the Defendant's claim is meritless because it is within the trial court's discretion to impose consecutive sentences as long as the sentence is within the range prescribed by statute.

With respect to the Defendant's argument that the reasoning of Patty should be applied to his case, we note that Patty addresses concurrent sentences, one of which was outside of the original range. However, State v. Samuels, 44 S.W.3d 489, 491 (Tenn. 2001) controls this case. In Samuels, our supreme court upheld a trial court's order of consecutive sentences upon a revocation of community corrections, despite the fact that the plea agreement provided for concurrent sentences. The court held that a trial court had discretion to order a consecutive sentence where the defendant did not have one previously, so long as the new and longer sentence was within the range pursuant to Tennessee Code Annotated section 40-36-106(e)(4). Id. at 496. Upon revocation of community corrections, a trial court may resentence a defendant "for any period of time up to the maximum sentence provided for the offense committed." Tenn. Code Ann. § 40-36-106(e)(4). Thus, imposition of consecutive sentences following revocation is permitted so long as the new sentence is within the statutory range. See id.

Additionally, the Defendant argues that the trial court improperly found him to be a professional criminal who knowingly devoted his life to criminal acts as a major source of livelihood. See Tenn. Code Ann. § 40-35-115(b)(1). The State responds that the trial court did not err by imposing consecutive sentences because the Defendant had a lengthy criminal record and the sentence imposed was within the range prescribed by statute.

When reviewing a trial court's imposition of consecutive sentences, "the presumption of reasonableness applies," and this court gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." State v. Pollard, 432 S.W.3d 851, 861 (Tenn. 2013). "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for

the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)).

One such criterion by which a trial court may order sentences to run consecutively is if the trial court finds by a preponderance of the evidence that the "defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40–35–115(b). Here, the trial court listed one of the seven grounds as its reason for ordering consecutive sentences.[1] At the revocation hearing, the trial court emphasized that the Defendant had a lengthy criminal history. The record shows the Defendant has fifteen misdemeanor convictions and ten felony convictions. Additionally, the trial court found that the Defendant had been given many opportunities other than incarceration, and all of these failed. Therefore, we conclude the trial court did not abuse its discretion in imposing consecutive sentences.

*II. Credit for Time Served on Community Corrections*

Both the Defendant and the State are in agreement that the trial court erred in not awarding the Defendant sufficient time served in the community corrections program. The trial court judge acknowledged that the Defendant was entitled to nine and one-half months of "street credit"; however, the judgment forms do not reflect the entry of any credit for the Defendant's time spent on community correction. The Defendant and the State argue this amount is incorrect. They argue that the Defendant is entitled to eleven months and nineteen days of credit for the time spent in community corrections. We are unable to determine the correct amount because the record does not include the petition to revoke the Defendant's community corrections sentence.

We agree that the trial court erred in not awarding the Defendant sufficient credit for time served in the community corrections program. Tennessee Code Annotated section 40-36-106(e)(3)(B) requires an offender to receive credit "for actual time served in the community-based alternative program." In reference to this statute, our supreme court has held that time served "commences on the date a defendant is ordered to serve his sentence on community corrections, and ceases on the date a petition to revoke the sentence is filed." State v. McNack, 356 S.W.3d 906, 911 (Tenn. 2011) (quoting State v. Timothy Wakefield, No. W2003-00892-CCA-R3-CD, 2003 WL 22848965, at *1 (Tenn. Crim. App. Nov. 25, 2003)). Thus, we remand this case to the trial court for a determination of the correct amount of the Defendant's community corrections credit and entry of corrected judgments reflecting that amount.

---

[1] Because only one of the grounds listed in section 40-35-115(b) is needed to justify consecutive sentencing, we need not determine whether the trial court properly concluded that the Defendant was a professional criminal who knowingly devoted his life to criminal acts as a major source of livelihood.

Additionally, the Defendant's plea agreement provided he would be sentenced as a Range I, standard offender. However, the judgment forms erroneously list the Defendant as a Range III, career offender. As such, we also remand the judgments for correction of this clerical error.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the trial court's imposition of consecutive sentences is affirmed. However, we remand this case to the trial court for a determination of the correct amount of the Defendant's community corrections credit and entry of corrected judgments reflecting that amount and the Defendant's status as a Range I, standard offender.

_____

D. KELLY THOMAS, JR., JUDGE