IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

October 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TERRY L. BAKER, | ) | |
| | ) | C.C.A. NO. 01C01-9711-CR-00522 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**PAUL J. BRUNO**                         **JOHN KNOX WALKUP**
Washington Square Bldg.               Attorney General & Reporter
222 Second Ave., North, Suite 350M
Nashville, TN  37201-1652             **DEBORAH A. TULLIS**
                                      Asst. District Attorney General
                                      Cordell Hull Bldg., 2nd Fl.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243


                                      **VICTOR S. JOHNSON, III**
                                      District Attorney General


                                      **MARY HAUSMAN**
                                      Asst. District Attorney General
                                      Washington Square Bldg.
                                      222 Second Ave., North, Suite 500
                                      Nashville, TN  37201


OPINION FILED:_____


**REVERSED AND REMANDED FOR HEARING**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner pled guilty to six counts of drug charges in Davidson County case number 92-A-647 on May 16, 1995. He was sentenced as a Range I offender to concurrent ten year sentences to be served in the Community Corrections program. On January 19, 1996, the petitioner was found guilty of violating his community corrections sentence and the court increased his sentence from ten years to twenty years to serve. On December 11, 1996, the petitioner filed a petition for post-conviction relief. The petition was dismissed by the trial court on the grounds that it was filed outside the applicable statute of limitations. The petitioner now appeals and argues the post-conviction court erred when it dismissed the petition. We agree and reverse the judgment of the court below and remand this cause for a hearing on the merits of the petition.

In his post-conviction petition, the petitioner alleges that it was illegal and, therefore, unconstitutional for the trial court to increase his sentence from ten years to twenty years. The petitioner further alleges that his petition should not be barred for falling outside the statute of limitations. Petitioner argues that since the court action challenged in his post-conviction petition occurred on January 19, 1996, his petition, filed on December 11, 1996, was filed within the one year statute of limitations.

There is a one year statute of limitations period applicable to all post-conviction petitions filed after May 10, 1995. T.C.A. § 40-30-202. The statute specifically states that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken,

2

within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." In petitioner's case, there was no direct appeal or specified post trial motion. This Court has held "[i]f one convicted of a crime takes no action to perfect his right to appeal, the statute of limitations [applicable to post-conviction petitions] begins to run from the date of final conviction." Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App. 1992) (emphasis added). Therefore, as the resentencing hearing was the final action from which there was no appeal, the statute of limitations did not begin to run until thirty days after petitioner was resentenced.[1]

Since petitioner's post-conviction petition is not barred by the statute of limitations, it is remanded to the trial court for a hearing on the merits of the petition. We note that in the resentencing hearing it is clear the judge had the authority to resentence the petitioner.

The Tennessee Community Corrections Act of 1985, under which the petitioner was sentenced, states

> (e)(4) The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

T.C.A. § 40-36-106 (Supp. 1995).

Although this statute makes it clear that the trial judge has the authority to resentence a defendant originally sentenced under the Community Corrections Act, the

---

[1] The State has conceded that the statute of limitations applicable to post-conviction petitions did not begin to run until the judgment to resentence the petitioner became final.

statute is explicit in that a judge can only sentence a defendant "up to the maximum sentence within the appropriate range." In addition, the Tennessee Supreme Court has held that "a trial judge imposing a new sentence as a result of community corrections failure is bound to sentence the defendant within the range of the original sentence." State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995).

There are also certain formalities required by statute if the trial court opts to enhance a sentence. First, the court must state its reasons for imposing a new sentence on the record. T.C.A. §§ 40-35-209(c) and -210(f)-(g). The statute requires that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." T.C.A. § 40-35-209(c). The statute further requires that

> (f) Whenever the court imposes a sentence, it shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any, as well as findings of fact as required by §40-35-209.
> (g) A sentence must be based on evidence in the record of the trial, the sentencing hearing, the presentence report, and, the record of prior felony convictions filed by the district attorney general with the court as required by §40-35-202(a).

T.C.A. § 40-35-210.

These statutory provisions are mandatory. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996)(citing State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App. 1987)). This Court has held the "purpose of these statutory requirements is to guarantee the preparation of a proper record for appellate review. An appellate court cannot review either the length or method of serving a sentence unless the findings of the trial court are contained in the record." Ervin, 939 S.W.2d at 584.

In the case at bar, the record is unclear regarding the resentencing of the

petitioner. The only reference to resentencing the petitioner is a notation on the judgment form of the original sentence to the community corrections program which reads, "1-19-96 PV Sustained sentence increased to 20 years consecutive w/Division III sentence jcr: 1-22-92 to 1-27-93  9-8-94 to 8-7-95." Since there is a maximum of twelve years that may be imposed on any Range I offender convicted of a class B felony, any sentence over twelve years would be illegal. See Patty, 922 S.W.2d at 104.

In sum, we conclude petitioner's post-conviction petition was not barred by the statute of limitations. We therefore reverse the trial court's dismissal of such petition and remand this cause to the trial court for a hearing on the merits of the petition.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
THOMAS T. WOODALL, Judge

_____
L. TERRY LAFFERTY, Special Judge