IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 2000 Session

## ALVIN FEATHERSTONE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-1913     Seth Norman, Judge**

---

**No. M1999-01871-CCA-R3-PC - Filed September 8, 2000**

---

The Defendant, Alvin Featherstone, appeals as of right from the trial court's denial of post-conviction relief without an evidentiary hearing. He pleaded guilty to possession of cocaine for resale on October 15, 1998. He was sentenced to eight years imprisonment, to be served in the Community Corrections program. It appears that the Defendant's Community Corrections sentence was revoked, and he was resentenced on March 24, 1999 to an eight year sentence to be served in the Department of Correction. On December 8, 1999, the Defendant filed a petition for post-conviction relief, alleging that the trial court erred by revoking his Community Corrections sentence and resentencing him and further alleging that he was not informed he had the right to appeal the revocation and resentencing. The trial court summarily dismissed the petition as barred by the statute of limitations. We hold that the petition was not barred by the statute of limitations. Accordingly, we reverse the judgment of the trial court dismissing the petition for post-conviction relief.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Reversed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Alvin Featherstone, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson; District Attorney General, and Pam Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Although the record in this case is sparse, it appears from the Defendant's petition for post-conviction relief and the trial court's order dismissing that petition that the Defendant pleaded guilty on October 15, 1998 to possession of cocaine for resale, and he received an eight-year sentence to be served in the Community Corrections program. The Defendant's Community Corrections sentence was subsequently revoked, and he was resentenced on March 24, 1999 to eight years to be

served in the Department of Correction. It does not appear that the Defendant appealed from that sentence. Subsequently, on December 8, 1999, the Defendant filed a pro se petition for post-conviction relief, in which he complained of multiple errors occurring during the revocation proceedings, and he asserted that the trial court erred in revoking his Community Corrections sentence. He alleged generally that his attorney's representation at the revocation proceeding was deficient. He further alleged that he was not informed that he had the right to appeal the revocation of his Community Corrections sentence. He asked the trial court to hold a hearing to determine whether he should be reinstated to the Community Corrections program or, in the alternative, to determine whether the procedures utilized to terminate his Community Corrections sentence violated his rights.

The trial court summarily dismissed the petition as barred by the statute of limitations because it was filed over a year after the original judgment was final. Tennessee Code Annotated § 40-30-202(a) provides that a defendant "must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Had the Defendant been attacking his original judgment of conviction, which was entered on October 15, 1998, his post-conviction petition, filed a year and almost two months later, would have been time-barred.

However, the Defendant was attacking the judgment of the trial court revoking his Community Corrections sentence and resentencing him to imprisonment in the Department of Correction. The petition was filed within a year of that revocation and resentencing. In Baker v. State, 989 S.W.2d 739 (Tenn. Crim. App. 1998), this Court considered the application of the statute of limitations to a post-conviction petition filed after the resentencing of a defendant whose community corrections sentence had been revoked. We held that when the resentencing is the final action from which no appeal was taken, the statute of limitations did not begin to run until thirty days after the defendant was resentenced. Id. at 741. Accordingly, the Defendant's petition attacking his revocation and resentencing is not barred by the statute of limitations, and the trial judge erred by summarily dismissing the petition as time-barred.

The judgment of the trial court dismissing the Defendant's post-conviction petition is reversed, and this case is remanded for further proceedings.

 

_____
DAVID H. WELLES, JUDGE