# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 27, 2000 Session

## JOSEPH SHEPHERD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Monroe County**
**Nos. 97-127, 97-128    William H. Inman, Senior Judge, by Designation**

---

**Nos. E1999-01279-CCA-R3-PC**
**E1999-02266-CCA-R3-PC**
**November 28, 2000**

---

In consolidated cases, the petitioner appeals the trial court's dismissals of his post-conviction petitions as barred by the one-year statute of limitations. He contends, and the state concedes, that he filed the petitions within one year of the final order following his resentencing hearing. We reverse the dismissals and remand the cases for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. JAMES CURWOOD WITT, JR., J., not participating.

Gerald L. Gulley, Jr., Knoxville, Tennessee (on appeal) for the appellant, Joseph Shepherd (pro se at trial).

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Jerry N. Estes, District Attorney General; and William W. Reedy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Joseph Shepherd, appeals as of right in consolidated cases from the Monroe County Criminal Court's dismissals of his petitions for post-conviction relief. In April 1991, a jury convicted the petitioner of the felony murder of Roxanne Woodson and the aggravated assault of law enforcement officers investigating the case. The defendant was sentenced to death for the felony murder and to two-to-five years for the aggravated assault. On May 30, 1995, our supreme court reversed the death sentence and remanded the case for resentencing. State v. Shepherd, 902 S.W.2d 895 (Tenn. 1995). The petitioner was resentenced to life imprisonment for his felony murder conviction on April 29, 1997. In a separate trial, the petitioner was convicted of the second degree murder of Kathy Clowers and sentenced to ninety-nine years imprisonment. This court reversed the

second degree murder conviction and remanded the case for a new trial. State v. Shepherd, 862 S.W.2d 557 (Tenn. Crim. App. 1992). On June 30, 1997, the petitioner filed two post-conviction petitions attacking his convictions for felony murder and involuntary manslaughter. The petitioner contends and the state concedes that he filed the petitions within one year of the date that the judgments became final. We hold that the petition relating to his felony murder conviction is timely and reverse the trial court's dismissal of that petition. We also reverse the dismissal of the petition relating to the involuntary manslaughter conviction due to the trial court's failure to make findings regarding the timeliness of this petition. We remand the case for further proceedings.

A petition for post-conviction relief must be brought "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-202(a). Noting that the supreme court had affirmed the petitioner's convictions but remanded for resentencing in 1995, the trial court dismissed the petitions, finding that the petitioner had failed to file within one year of the "final action of the highest State appellate court to which an appeal is taken." The petitioner's judgment of conviction for felony murder was not final at the point when the supreme court remanded the case for resentencing. See Tenn. R. Crim. P. 32(e) (stating that the judgment of conviction includes the sentence imposed). The final order following the resentencing was entered on April 29, 1997, and the petitioner did not appeal the new sentence. Thus, this case falls within the second half of the statute which permits filing within one year of the date the judgment becomes final when no appeal is taken. See Baker v. State, 989 S.W.2d 739, 741 (Tenn. 1998) (holding that a post-conviction petition filed within one year of resentencing following the violation of a community corrections sentence was timely because "the resentencing hearing was the final action from which there was no appeal"). Thus, the petition filed on June 30, 1997, was timely.

The trial court did not separately address the petition relating to the involuntary manslaughter conviction and made no findings regarding the date of the final action in that case. Although not entirely clear from the sparse record on appeal, we believe that this petition relates to the conviction resulting from this court's remand of the petitioner's second degree murder case in 1992. The trial court erred in treating this petition as if it arose out of the same case as the felony murder conviction. We reverse the trial court's dismissal of the petition relating to the involuntary manslaughter conviction and remand for further proceedings to determine whether this petition was timely filed.

The state contends that some of the petitioner's claims have been previously determined on direct appeal or waived by the petitioner's failure to raise them on direct appeal. See Tenn. Code Ann. § 40-30-206(g), (h). This contention is best resolved by the trial court upon remand. Based upon the foregoing and the record as a whole, we reverse the trial court's dismissals of the petitions and remand the cases for further proceedings.

_____
JOSEPH M. TIPTON, JUDGE