IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## ROGER WAYNE BRADEN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 234170     Douglas A. Meyer, Judge**

---

**No. E2000-03072-CCA-R3-PC**
**September 18, 2001**

---

On April 29, 1999, the petitioner's status on community corrections was revoked and he was resentenced. On May 15, 2000, he filed a pro se post-conviction relief petition. The issue is whether the petition is time-barred by the Tennessee Code Annotated section 40-30-202. Because the revocation and resentencing became final thirty days after its entry, which was May 29, 1999, as the State concedes, and we agree, the petition was timely filed. We reverse the summary dismissal of the petition and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Roger Wayne Braden, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and William H. Cox III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 12, 1995, the petitioner, Roger Wayne Braden, pled guilty to attempt to commit theft of property over $10,000, and to theft of property over $10,000. On June 26, 1996, the petitioner was sentenced as a Range I standard offender for consecutive terms of four years and of four years and one day, respectively, and was placed in the Community Corrections program. On April 29, 1999, the trial court revoked the community corrections sentence and ordered service of the original sentences. On November 19, 1999, the trial court granted the petitioner's motion to amend the judgments to reflect his jail credit earned on community corrections. On May 15, 2000, the petitioner filed, pro se, a petition for post-conviction relief. On September 21, 2000, the petitioner filed a pro se amended petition. On November 7, 2000, the trial court summarily

dismissed the petition for post-conviction relief, finding it filed beyond the one-year statute of limitations from the date on which the original judgments became final or from the entry of the revocation order. This appeal timely followed.

## Analysis

There is a one year statute of limitations period applicable to all post-conviction petitions filed after May 10, 1995. Tennessee Code Annotated § 40-30-202. The statute specifically states that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred."

Here the petitioner's status on community corrections was revoked and he was resentenced on April 29, 1999. In Baker v. State, 989 S.W.2d 739, 740-741 (Tenn. Crim. App. 1998), we held that a resentencing order becomes final thirty days after the order is filed. See also Featherstone v. State, No. M1999-01871-CCA-R3-PC, 2000 WL 1278163 (Tenn. Crim. App., filed Sept. 8, 2000, at Nashville). Based on the authorities, the one-year statute of limitations would run out on May 29, 2000. Therefore, as the State concedes, the post-conviction relief petition filed on May 15, 2000, was timely filed in so much as it challenges the revocation and resentencing. The petitioner's attack on his original guilty pleas and judgments entered on September 12, 1995, and June 26, 1996, would be time-barred. Accordingly, the petitioner's petition attacking his revocation and resentencing is not barred by the statute of limitations, and the trial court erred by summarily dismissing the petition.

## Conclusion

The judgment of the trial court dismissing the petitioner's post-conviction relief petition is reversed, and this case is remanded for further proceedings.

_____
JOHN EVERETT WILLIAMS, JUDGE