# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 22, 2003

## MICHAEL W. CARPENTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-I-1154     Seth Norman, Judge**

___

**No. M2002-02187-CCA-R3-PC - Filed May 7, 2003**

___

The petitioner appeals the dismissal of his petition for post-conviction relief, in which he alleged he received ineffective assistance of counsel at his community corrections revocation and resentencing. The post-conviction court found post-conviction relief was unavailable to one challenging a community corrections revocation proceeding. We conclude that although the post-conviction process may not be used to collaterally attack a probation revocation, it is available to attack a community corrections revocation/resentencing. Thus, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Michael W. Carpenter, Tiptonville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Although the record is scant, it appears the petitioner pled guilty on December 19, 2000, to Class D felony theft and misdemeanor theft and received concurrent sentences of six years as a Range II multiple offender and eleven months and twenty-nine days, respectively; however, the petitioner was allowed to serve his sentences on community corrections. Upon the filing of a revocation warrant alleging the petitioner had absconded, a revocation hearing was conducted on August 3, 2001. The trial court revoked community corrections and resentenced the petitioner to eight years as a Range II multiple offender for the Class D felony theft. On July 1, 2002, the petitioner filed a *pro se* petition for post-conviction relief alleging his counsel at the revocation and resentencing proceeding provided ineffective assistance; he had newly discovered evidence relating to the grounds for revocation; and the judge should have recused himself at the revocation and

resentencing proceedings. The post-conviction court summarily dismissed the petition, holding post-conviction relief was unavailable under these circumstances.

## ANALYSIS

The state contends the post-conviction court properly held that post-conviction relief is unavailable to collaterally attack a revocation proceeding. It relies upon our recent case of Charles William Young v. State, No. M2000-02007-CCA-MR3-PC, 2002 Tenn. Crim. App. LEXIS 822 (Tenn. Crim. App. Sept. 27, 2002, at Nashville), *perm. to app. denied* (Tenn. 2003) (publication pending). In Charles William Young, we concluded the "Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." *Id.,* at *9. Although Charles William Young involved a probation revocation proceeding, the state contends the same logic applies to a community corrections revocation. However, we emphasized in Charles William Young that an order revoking probation simply ends the period of suspension, mandates that the previously determined sentence be carried out, and does not impose a "new sentence." *Id.,* at *5.

Community corrections is a totally different sentencing alternative than probation. During the term of probation, the "sentence" is "suspended." *Id.* A defendant is not entitled to any credits toward the sentence while on probation prior to a revocation. State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). On the other hand, a defendant is entitled to credits toward the sentence while on community corrections prior to a revocation. *See* Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 2002).

More significantly, and unlike a revocation of probation, a revocation of community corrections authorizes the trial court to then impose a "new sentence," which follows a new sentencing hearing conducted in full compliance with the Criminal Sentencing Reform Act. State v. Samuels, 44 S.W.3d 489, 494 (Tenn. 2001); *see* Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 2002). The new sentence may even exceed the original sentence. *See* State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Our post-conviction statute authorizes relief "when the conviction or sentence is void or voidable." Tenn. Code Ann. § 40-30-203 (1997) (emphasis added). Thus, our holding in Charles William Young that post-conviction relief is unavailable to attack a probation revocation, which is not an attack of the "conviction or sentence," is not applicable to a community corrections revocation. *See* Charles William Young, 2002 Tenn. Crim. App. LEXIS 822, at **3-4; *see* Tenn. Code Ann. § 40-30-203 (1997). We also note that this court has previously addressed post-conviction appeals attacking community corrections revocation/resentencing proceedings, although we did not specifically address the issue presented in this case. *See* Baker v. State, 989 S.W.2d 739 (Tenn. Crim. App. 1998) (holding the statute of limitations begins to run thirty days after the resentencing); Roger Wayne Braden v. State, No. E2000-03072-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 752 (Tenn. Crim. App. Sept. 18, 2001, at Knoxville); Alvin Featherstone v. State, No. M1999-01871-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 702 (Tenn. Crim. App. Sept. 8, 2000, at Nashville).

Although it is arguable that post-conviction relief would be available to attack only the community corrections resentencing hearing and not the revocation proceeding, we believe such a holding is impractical. As a matter of practice, the revocation proceeding and the resentencing

hearing are often held on the same day during the same proceeding. Although a higher sentence may not be imposed solely as punishment for violating community corrections, *see* <u>State v. Cooper</u>, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998), a defendant's behavior while on community corrections may be relevant to the various sentencing options available upon revocation. *See* <u>State v. Dale Godwin</u>, No. W2001-00212-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 977, at **17-18 (Tenn. Crim. App. Dec. 14, 2001, at Jackson). For these reasons, we conclude post-conviction is available to collaterally attack the community corrections revocation and resentencing proceeding. Accordingly, the petitioner may proceed on a claim of ineffective assistance of counsel at the revocation/resentencing hearing.

As to the petitioner's claim that he had newly discovered evidence relating to the grounds for the revocation, this is not a cognizable post-conviction claim. *See* Tenn. Code. Ann. § 40-30-203 (1997). Furthermore, the petitioner's claim that the judge should have recused himself at the revocation/resentencing hearing is waived because the petitioner did not appeal this issue following the revocation. *See id.* § 40-30-206(g) (1997).

## CONCLUSION

Based upon our examination of the record, we reverse the judgment of the post-conviction court and remand for appointment of counsel to file an amended petition. The post-conviction court may properly consider a claim based upon ineffective assistance of counsel at the revocation/resentencing hearing.

JOE G. RILEY, JUDGE