IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2007

## STATE OF TENNESSEE v. CLIFTON E. LEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-05035    Joseph B. Dailey, Judge**

─────────────

**No. W2006-01849-CCA-R3-CD  - Filed August 3, 2007**

─────────────

The defendant, Clifton E. Lee,[1] appeals the trial court's order sentencing him to ten years as a Range II, multiple offender after revoking his community corrections sentence for his conviction for the sale of less than one-half gram of cocaine, a Class C felony.  The defendant was originally sentenced to five years as a Range I, standard offender.  The defendant contends that the trial court erred in sentencing him within a higher range than he was originally sentenced.  We agree, and we reverse the judgment of the trial court.  We remand this case for sentencing the defendant as a Range I offender.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed,**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Robert Wilson Jones, District Public Defender, and Garland Ingram Erguden (on appeal) and Robert Hayes Gowen (at trial), Assistant Public Defenders, for the appellant, Clifton E. Lee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy P. Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was indicted in 2002 on five counts: (1) sale of one-half gram or more of cocaine; (2) possession of one-half gram or more of cocaine with the intent to sell; (3) possession of one-half gram or more of cocaine with the intent to deliver; (4) possession of one-half ounce or more of marijuana with the intent to sell; and (5) possession of one-half ounce or more of marijuana

───────────

[1]At the revocation hearing, the defendant testified that his legal name is Clifton Reynold.  We use the name that is on the indictment.

with the intent to deliver. He pled guilty to the sale of less than one-half gram of cocaine and possession with intent to sell one-half ounce or more of marijuana, and the remaining counts were dismissed. He was sentenced as a Range I offender to concurrent terms of probation of five years and one year.

The record indicates that on May 28, 2004, the trial court revoked the defendant's probation after the defendant received new drug-related charges and failed to pay court costs. In January 2004, the trial court ordered the defendant to serve the remainder of his sentence in community corrections. The following year, however, the state filed a petition to revoke the defendant's community corrections sentence, alleging:

> Mr. Clifton Lee missed 12 appointments with his Case Officer. On February 28, 2006 Mr. Clifton Lee was rearrested for the charges of Aggravated Assault; Domestic Assault-Bodily Harm and Violation of Protection Order Misdemeanor . . . . Mr. Lee signed Admission Statement to using Marijuana on 4-5-05. Mr. Lee tested positive for Cocaine on 12-6-05. Mr. Lee was instructed to start Intensive Inpatient Drug Treatment with Memphis Recovery. He was admitted into residential treatment for alcohol and drug addiction on January 4, 2006 and left treatment against staff advice on January 6, 2006. Mr. Lee did not attend 3 AA meetings per week as instructed by the Judge. Last employment verification was provided on 8-20-05. Mr. Lee was ordered to pay $25 per month on Court Cost/Fines. He paid $125 toward Court Cost/Fines leaving a delinquent balance of $125 on Court Cost/Fines and was $45 delinquent on the payment of Supervision Fees and was $90 delinquent on the payment of Criminal Compensation Fees.

At his revocation hearing, the defendant stipulated to the allegations contained in the petition. He agreed that he violated the conditions of his probation, although he said he did not smoke marijuana while he was on probation but just admitted to it because someone had blown smoke up his nose. He admitted that he left the residential drug treatment program after just two days there. He said he was having problems with his wife, had a lot on his mind, and wanted time to himself "to get [himself] together and [his] mind right and then go back to work the program." He said that although the court ordered him to attend AA meetings three times per week, he attended twice per week because of a conflict with his GED courses. He asked for the mercy of the court and said he thought he could "do better this time" because he was no longer involved with his wife and had made up his mind that he wanted to improve himself.

On cross-examination, the defendant admitted that this was the third time he asked the court for leniency in this case and that he promised the court before that he would improve his life. He admitted that he sold cocaine while he was on probation, but he denied using or selling cocaine since his probation was revoked. He acknowledged that he had been arrested sixty-two times for offenses

-2-

including unlawful possession of a firearm, child abuse and neglect, assault, violation of probation, aggravated assault, and theft. He said, though, that some of the charges against him had been dismissed.

The trial court revoked the defendant's community corrections sentence and ordered a new sentence of ten years as a Range II offender. The trial court rejected defense counsel's contention that Tennessee law prohibits the trial court from resentencing a defendant after revocation of a community corrections sentence to a higher sentencing range than that within which the defendant was originally convicted. The court stated:

> [H]e received five years. The [original] range would allow me to sentence him to six. But to be handcuffed by that would absolutely make a mockery out of the whole sentencing system, and I think it's sort of getting close to that anyway with the statute reading as it does with the requirement of street time.
>
> But, nonetheless, I think that - I think that a sentence commensurate with his conduct both at the time he committed this offense for which he's incarcerated and commensurate with the fact that he totally ignored efforts to help him address his drug problem - efforts to help him get his GED - get employment - get back in the work force - become a productive citizen. He totally ignored those efforts, and, instead, continued his conduct and continued to pick up new cases. I'm going to increase his sentence to ten years from the five to ten.

On appeal, the defendant does not challenge the revocation but argues that the trial court's resentencing him as a Range II offender was prohibited by State v. Patty, 922 S.W.2d 102 (Tenn. 1995). The state counters that the sentence is proper because the defendant's criminal history qualified him as a Range II offender and that the community corrections statutes have been amended since Patty to allow such an increase.

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, if "it appears that the trial court has failed to consider or comply with the statutory provisions governing sentencing, appellate review is de novo on the record without a presumption of correctness." State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001) (citing State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000)).

When a trial court revokes a defendant's community corrections sentence,

> the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the

-3-

> maximum sentence provided for the offense committed, less any time
> actually served in any community-based alternative to incarceration.
> The resentencing shall be conducted in compliance with § 40-35-210.

T.C.A. § 40-36-106(e)(4). The trial court may impose a sentence greater than the original sentence without offending the double jeopardy provisions of either the United States Constitution or Tennessee Constitution. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990). However, before ordering a new sentence, the trial court must conduct a sentencing hearing pursuant to the principles of our Sentencing Reform Act. State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998). Relative to the sentencing hearing, the record "shall include specific findings of fact upon which application of the sentencing principles was based." T.C.A. § 40-35-209(c). The purpose of the statutory requirements is to ensure that a proper record is made for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

In Patty, our supreme court held that section 40-36-106(e)(4) did not authorize resentencing in a higher range than that of the original sentence. Patty, 922 S.W.2d at 103. In that case, Patty originally received two-year Range I sentences for each of the two Class E felonies for which he was convicted. After revoking his community corrections sentence, the trial court increased the defendant's sentences to four years each, even though the maximum sentence for a Range I offender convicted of a Class E felony was two years. The supreme court upheld this court's decision that the trial court's resentencing was not authorized, holding "that a trial judge imposing a new sentence as a result of a community corrections failure is bound to sentence the defendant within the range of the original sentence." Id. at 104.

The state attempts to distinguish Patty from the present case by noting that in the intermediate appellate decision in Patty, this court found that the defendant "was, at all times pertinent, a Range I offender." Patty, 922 S.W.2d at 102. In contrast, the defendant in the present case actually qualified as a Range II offender but was given Range I status as a result of his plea agreement. The state argues that the "true issue" in Patty was the narrow one of whether a defendant can be sentenced beyond the range for which he qualified. The state also argues that since Patty was decided, the community corrections statute was amended to require that resentencing be conducted pursuant to the sentencing procedures set forth in Tennessee Code Annotated section 40-35-210, which provides that "[a]t the conclusion of the sentencing hearing, the court shall first determine the appropriate range of sentence." T.C.A. § 40-35-210(a). Therefore, the state argues, it was proper for the trial court to determine that the defendant qualified as a Range II offender and to sentence him accordingly.

We reject the state's narrow interpretation of Patty. Under Patty, whether a defendant actually qualifies for a range different from that under which he was originally sentenced is not significant. Rather, the court held that upon revoking a community corrections sentence and imposing a new sentence, a trial court "is bound to sentence the defendant within the range of the original sentence." Patty, 922 S.W.2d at 104 (emphasis added). The supreme court clarified that the "maximum sentence provided for the offense committed," which is the trial court's limit in

-4-

resentencing a defendant under section 40-36-106(e)(4), is the maximum term in the sentencing range that the trial court originally applied. Patty, 922 S.W.2d at 104; see also Baker v. State, 989 S.W.2d 739, 741 (Tenn. Crim. App. 1998) (stating that because the petitioner was sentenced originally as a Range I offender, "[s]ince there is a maximum of twelve years that may be imposed on any Range I offender convicted of a class B felony, any sentence over twelve years [after revocation of his community corrections sentence] would be illegal").

Contrary to the state's argument, the facts of Patty make it particularly applicable to the present case. As in the present case, the defendant in Patty pled guilty to his offenses. The supreme court in Patty specifically sought to prevent the injustice that would result if a defendant, who had agreed to a plea bargain that included a sentencing range and that was accepted by the trial court, was later given a sentence outside the term for which he bargained. As the court stated,

> In this case and others like it, the defendant and the State initially agree to the range into which the sentence should fall. More often than not, they agree also on the specific sentence to be recommended to the trial court and imposed upon the defendant. The State's recommendation is nearly always accepted by the trial court. <u>Once accepted, at least as to range, to permit a later enhancement beyond the original range violates the fundamental concepts of justice.</u>

Patty, 922 S.W.2d at 104 (emphasis added). While it is not clear from the record in the present case whether the defendant's original five-year sentence was part of his plea bargain with the state, the parties do not dispute that his Range I classification was part of the bargain. The trial court accepted the defendant's Range I classification despite his purported prior criminal record. For the defendant now to be given a sentence that exceeds that range would cause the exact type of injustice that the supreme court in Patty sought to avoid. Under Patty, the trial court was bound to resentence the defendant to a Range I sentence.

Regarding the state's argument that Patty's holding is altered by the recent amendment of section 40-36-106(e)(4), we note that no appellate court in this state has addressed Patty since the language that "resentencing shall be conducted in compliance with § 40-35-210" was added in 2005. We hold that the addition of this language does not alter the applicability of Patty. Under section 40-35-210(a), to determine a defendant's sentence, a trial court "shall first determine the appropriate range of sentence." This does not, however, give the trial court any more power to alter a defendant's original sentencing range after revoking a community corrections sentence than it would have to alter an already agreed-upon range that was accepted by the trial court in any other circumstance.

In the present case, the appropriate sentencing range was Range I, because that was the range to which the defendant pled guilty and which the trial court originally applied. The maximum sentence for a Range I offender convicted of a Class C felony is six years. See T.C.A. § 40-35-

112(a). Therefore, the defendant's sentence of ten years exceeded the maximum sentence for his conviction. Furthermore, insufficient information is contained in the record for us to make a de novo determination of the length of the defendant's sentence. The record contains no presentence report or any indication that a presentence report was prepared, and it does not contain sufficient information about the defendant's criminal history. Although the trial court made comments about the defendant's inadequate attempts to address his drug problem, obtain his GED, secure employment, and become a productive member of society, no evidence was presented at the revocation hearing to allow us to determine whether these findings are supported or what mitigating and enhancement factors the trial court weighed, in light of the proper sentencing principles, in reaching its determination. Because it does not appear that the trial court conducted a sentencing hearing pursuant to the Sentencing Reform Act and the trial court did not state specific findings of fact upon which it based the sentencing principles, we remand the case to the trial court for resentencing within the appropriate range. See Ervin, 939 S.W.2d at 584 (remanding community corrections revocation case for resentencing, stating that "[g]iven the state of the record, this Court cannot conduct the statutorily mandated de novo review of the new sentences.")

Based on the foregoing and the record as a whole, we reverse the judgment of the trial court sentencing the defendant as a Range II offender. We remand the case for resentencing consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE