# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER SESSION, 1999

FILED

January 3, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | C.C.A. NO. 03C01-9903-CR-00122 |
| | ) | |
| Appellee, | ) | |
| | ) | KNOX COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. RICHARD BAUMGARTNER |
| RAMAAN JAMEL THOMAS, | ) | |
| | ) | |
| Appellant. | ) | (THEFT OF PROPERTY) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**WILLIAM L. BROWN**                  **PAUL G. SUMMERS**
Attorney at Law                       Attorney General & Reporter
706 Walnut Street, Suite 902
Knoxville, TN 37902                   **MARVIN S. BLAIR, JR.**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN 37243

                                      **RANDALL EUGENE NICHOLS**
                                      District Attorney General

                                      **MARSHA SELECMAN**
                                      Assistant District Attorney General
                                      400 Main
                                      P.O. Box 1468
                                      Knoxville, TN 37901-1468

OPINION FILED _____

AFFIRMED IN PART; REVERSED IN PART;

REMANDED FOR RESENTENCING

THOMAS T. WOODALL, JUDGE

# OPINION

Defendant Ramaan Jamel Thomas pled guilty in the Knox County Criminal Court to one count of theft of property worth between $10,000.00 and $60,000.00 and the trial court imposed a sentence of three years to be served in the Community Alternative to Prison Program ("CAPP"). The trial court subsequently revoked Defendant's participation in CAPP and imposed a sentence of six years in the Tennessee Department of Correction, with credit for time served in jail and in CAPP. Defendant challenges his sentence, raising the following issues:

1) whether the trial court erred when it revoked his placement in CAPP; and

2) whether the trial court erred when it increased his sentence to six years.

After a review of the record we affirm the judgment of the trial court in part, reverse the judgment in part, and remand this case for resentencing.

## I. BACKGROUND

Defendant was placed in CAPP on October 17, 1996. On November 22, 1996, a CAPP violation warrant was filed which alleged that Defendant had violated the CAPP requirements by failing to obey the laws of the United States and the State of Tennessee. Following a hearing, the trial court denied the State's petition for revocation of Defendant's participation in CAPP. On May 23, 1997, a second CAPP violation warrant was filed which alleged that Defendant had violated the CAPP requirements by failing to remain employed, failing to pay fees, failing to report, and failing to perform community service. Following another hearing, the trial court

denied the State's petition for revocation of Defendant's participation in CAPP. On May 27, 1998, a third CAPP violation warrant was filed which alleged that Defendant had violated the CAPP requirements by failing to pay fees, failing to report, failing to keep his curfew, failing to perform community service, and possessing/owning a firearm.

At the revocation hearing on the third violation warrant held June 8, 1998, Herman Dickerson testified that Defendant had failed to keep his curfew on three separate occasions in April and May of 1998. In addition, Defendant had repeatedly failed to report for classes and meetings, had failed to perform community service according to schedule, and had failed to pay fees on schedule despite having the financial means to do so. Dickerson testified that in essence, Defendant had demonstrated an unwillingness to comply with the requirements of CAPP.

Ina Akinola testified that she was Defendant's former girlfriend. On May 27, 1998, at approximately 1:00 a.m., Defendant left Akinola's residence after the two had a brief argument. Defendant subsequently returned and pounded on the door, but Akinola refused to let him in. Defendant then threatened to damage Akinola's car if she would not let him in the residence. After some words were exchanged, Defendant and another girlfriend got into a vehicle and Akinola went outside. At this point, Defendant pointed a gun at Akinola and when the vehicle he was in started to drive away, Defendant fired a shot out the window.

At the conclusion of the hearing, the trial court stated that it had previously found that Defendant had violated the CAPP requirements, but it had given Defendant another chance with a warning that future violations would have serious consequences. The trial court then revoked Defendant's participation in CAPP based on his failure to comply with the program's requirements. The trial court then increased the sentence from three years to six years without any explanation or further elaboration.

On October 2, 1998, Defendant filed a "Motion to Reconsider" his sentence. The trial court conducted a hearing on the motion on October 14, 1998. At the beginning of the hearing, the trial court took judicial notice of the fact that the criminal charges against Defendant for the incident with Akinola had been dismissed because Akinola had failed to appear for trial.

During the hearing on the motion to reconsider, Kelly Irick testified that she was present during the altercation between Akinola and Defendant on May 27, 1998, and she never saw Defendant with a gun and she never heard any shots fired.

Defendant testified that although he was at Akinola's residence on May 27, 1998, he did not have a gun. Defendant claimed that he had failed to report and attend CAPP classes because he had been working. Defendant admitted that he had not paid fees according to schedule, but he claimed that he could not pay the fees because he had to quit his job when he was arrested for the incident involving

Akinola. Defendant also admitted that he had violated curfew, but he claimed that it only occurred once.

At the conclusion of the hearing, the trial court denied the motion to reconsider. The court stated that the major reason for its decision to revoke Defendant's placement in CAPP and to increase the sentence was the incident involving Akinola.

## II. WAIVER

Initially, the State contends that Defendant waived his right to appeal the revocation of his placement in CAPP and the increase of his sentence by failing to file notice of appeal within thirty days of the entry of the judgment appealed from as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure. Although the record indicates that Defendant did not file notice of appeal within the thirty day period, Rule 4(a) expressly provides that in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." We have decided to exercise our discretion and waive the timely filing of the notice of appeal in order to consider the issues raised by Defendant.

## III. REVOCATION

Defendant contends that the trial court erred when it revoked his placement in CAPP.

The decision to revoke a Community Corrections sentence rests within the sound discretion of the trial court and that decision will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation had occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. See State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Defendant contends that the trial court improperly relied on the incident involving Akinola as a basis for revoking his placement in CAPP. Specifically, Defendant contends that the trial court could not rely on his alleged possession and firing of a gun because Defendant and Irick denied that Defendant had a gun and the charges involving the incident were dropped because Akinola failed to appear for trial. However, after observing the testimony and demeanor of Akinola, Irick, and Defendant, the trial court accredited the testimony of Akinola and found that Irick and Defendant had been untruthful. Contrary to Defendant's assertions, nothing in the Community Corrections Act provides that a violation of a Community Corrections sentence must result in a criminal conviction in order to be considered by a trial court as a basis for revocation. Moreover, the proof of a violation need not be established

beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent decision. <u>Harkins</u>, 811 S.W.2d at 82.

Moreover, even without the incident involving Akinola, there was substantial other evidence that Defendant violated the requirements of CAPP. Indeed, Dickerson testified that Defendant had failed to keep his curfew on three separate occasions, had repeatedly failed to report for classes and meetings, had failed to perform community service according to schedule, and had failed to pay fees on schedule despite having the financial means to do so. Under these circumstances, the trial court was clearly justified in revoking Defendant's placement in CAPP. Defendant is not entitled to relief on this issue.

## IV. INCREASE IN SENTENCE

Defendant contends that the trial court erred when it increased his sentence from three to six years.

The Community Corrections Act provides that once a defendant violates the terms of his or her Community Corrections sentence, the trial court may revoke the sentence and impose a new sentence:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1999).

Although the above statute makes it clear that a trial court has the authority to increase the length of sentence upon the revocation of a Community Corrections sentence, there are certain requirements that must be satisfied before the trial court may do so. First, the trial court must state its reasons for imposing a new sentence on the record. Tenn. Code Ann. §§ 40-35-209(c), -210(f)–(g) (1997 & Supp. 1999). In addition, the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c) (1997). Further,

> (f) Whenever the court imposes a sentence, it shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209.
> (g) A sentence must be based on evidence in the record of the trial, the sentencing hearing, the presentence report, and, the record of prior felony convictions filed by the district attorney general with the court as required by § 40-35-202(a).

Tenn Code Ann. § 40-35-210 (Supp. 1999). These statutory provisions are mandatory and the fact that this Court reviews sentences de novo does not relieve the trial court from complying with these statutory mandates. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App.1996); see also Baker v. State, 989 S.W.2d 739, 741 (Tenn. Crim. App. 1998).

In the revocation hearing of this case, the trial court made certain findings of fact in regard to the basis for revocation, but the trial court did not make any findings of fact in regard to the basis for the increase in the length of sentence. In fact, the trial court did not identify any reason whatsoever for increasing the length of sentence. It is true that during the hearing on the motion to reconsider, the trial court indicated that it had increased the length of sentence based on Defendant's conduct during the incident with Akinola. However, the trial court failed to identify the enhancement and mitigating factors that applied to Defendant's sentence and the court failed to identify the findings of fact that would have supported the application of any enhancement or mitigating factors.

Quite simply, the trial court did not follow the sentencing procedures set forth in the 1989 Sentencing Act when it increased the length of Defendant's sentence. The court did not address the purposes or sentencing considerations of the Act. Nor did the court set forth its findings with respect to enhancement and mitigating factors. Thus, we cannot conduct the statutorily mandated de novo review of the increased sentence imposed by the trial court upon revocation of the CAPP sentence. See State v. Cooper, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998); Ervin, 939 S.W.2d at 584. We therefore reverse Defendant's increased sentence and we remand this case for a new sentencing hearing consistent with the principles outlined in this opinion. See Cooper, 977 S.W.2d at 132; Ervin, 939 S.W.2d at 584. We wish to emphasize that although there may be valid grounds for an increased sentence, the trial court may not increase the sentence for the sole purpose of punishing

Defendant for violating the requirements of his CAPP sentence. <u>See</u> <u>Ervin</u>, 939 S.W.2d at 583.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's revocation of Defendant's placement in CAPP. However, we reverse the increased sentence imposed by the trial court and we remand this case for a new sentencing hearing consistent with the principles outlined in this opinion.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JERRY L. SMITH, Judge