IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 8, 2003 Session

## STATE OF TENNESSEE v. DEBORAH KAY THOMAS ATKINS

**Appeal from the Circuit Court for Henry County**
**No. 12113     Julian P. Guinn, Judge**

_____

**No. W2002-02312-CCA-R3-CD  - Filed October 15, 2003**

_____

The defendant entered pleas of guilt to possession of a Schedule II controlled substance with the intent to deliver or sell, possession of a Schedule III controlled substance with the intent to deliver or sell, and possession of marijuana. The trial court imposed concurrent Range I sentences of eight years, two years, and 11 months and 29 days, respectively. The defendant was required to serve one year in jail followed by seven years in community corrections. Later, the community corrections sentence was revoked and an eight-year sentence imposed. An appeal resulted in a remand by this court with directions to credit both jail time and the length of service within the program. In this appeal, the defendant argues that the trial judge erred in the imposition of the resentence. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Victoria L. Dibonaventura, Paris, Tennessee, for the appellant, Deborah Kay Thomas Atkins.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Only the nature of the sentence is at issue. The defendant acknowledged that the state established proper grounds for the revocation of the community corrections sentence. At the conclusion of the revocation proceeding, the trial court resentenced the defendant to eight years with six months to be served in continuous confinement and the remainder of the term to be served in a community corrections program. Because the trial court ruled that the defendant would not get credit for the amount of time she had served under the original sentence, the defendant appealed. In State

v. Debra Kay Thomas, No. W2001-02039-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., at Jackson, July 18, 2002),[1] this court ruled as follows:

> Pursuant to Tenn. Code Ann. § 40-36-106(e)(4), a trial court has the power, upon revocation of a community corrections sentence, to resentence a defendant to a period of incarceration up to the maximum for the offense originally committed. The trial court must resentence the defendant within the range of the original sentence. State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995). Moreover, any resentencing is subject to a defendant receiving credit for the time he or she served in a community corrections program. Tenn. Code Ann. § 40-36-106(e)(4). A defendant is entitled to credit for any other time spent in confinement for the original sentence. Tenn. Code Ann. § 40-23-101(c). In this case, the defendant should have received such credit for the time she served in jail and in the community corrections program under her original sentence.

(Emphasis added.)

After this court remanded the cause to the trial court for resentencing, the trial court observed that the question during the original appeal should have been as follows:

> Can a defendant be incarcerated upon resentencing following revocation of a community corrections commitment, where the period served in jail plus that time spent in the community corrections program exceeds the period defined by the release eligibility date of the original sentence?

While the defendant conceded that the trial court had the authority to sentence her for a period up to 12 years, the maximum within the range, she argued that a technical violation of the terms of her release should not be so harshly punished. The trial court reimposed the original term of eight years, designated the defendant as a Range I offender, and awarded credit from the date of her original sentence on May 31, 1994, through July 3, 2001, the date of the execution of the revocation warrant. The total credit was 2,590 days. The trial court estimated the effective remaining sentence at 332 days, six months of which was to be served in confinement and the balance on supervised probation.

The defendant's prior criminal history includes convictions for driving without a valid driver's license in 1991 and speeding in 1994. The presentence report established that the defendant, 43 years of age, dropped out of high school. The record demonstrates that she had several medical problems and began to use marijuana regularly as early as 1973. In late 2000, the defendant enrolled in an in-patient treatment program but left after a few days due primarily to blood pressure problems. Several months thereafter, the defendant tested positive for marijuana.

---

[1]In the record on appeal, the defendant's name is spelled "Deborah" rather than Debra. Her surname is now Atkins.

In this appeal, the defendant contends that the trial court erred by failing to place her on supervised probation or return her to community corrections. She argues that the trial judge violated the statutory sentencing procedure by failing to make reference to the principles of sentencing and by failing to recite the weight given to enhancement or mitigating factors. In particular, the defendant asserts that the trial court should have taken into consideration her lack of significant prior criminal history, seven years' good behavior in community corrections, medical problems, an attempt at rehabilitation, and an amenability to mental health treatment. As previously indicated, the trial court perceived the question proposed for appeal to be whether the defendant was entitled to release when her jail service plus the time on the community corrections program exceeded the release eligibility date on the original sentence. That issue, however, has not been presented in this appeal.[2]

The guiding principles in this area of the law are well-established. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

---

[2]See Tenn. Code Ann. § 40-35-501; State v. Griffith, 787 S.W.2d 340 (Tenn. 1990); State v. James Smith aka James E. Maxwell, No. 03C01-9708-CR-00366 (Tenn. Crim. App., at Knoxville, Sept. 22, 1998).

If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

The purpose of the Community Corrections Act of 1985 is to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn.1990). Even in cases where the defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App.1987). The following offenders are eligible for Community Corrections:

>    (1) Persons who, without this option, would be incarcerated in a correctional institution;
>    (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>    (3) Persons who are convicted of nonviolent felony offenses;
>    (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>    (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>    (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>    Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

-4-

In Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see also State v. Moss, 727 S.W.2d 229, 235 (Tenn.1986). "[E]ach case must be bottomed upon its own facts." Taylor, 744 S.W.2d at 922. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

In answer to the specific question presented by this appeal, it is the opinion of this court that the trial court properly considered both enhancement or mitigating factors, but simply chose not to apply any of the factors. The purposes of the Criminal Sentencing Reform Act of 1989 are codified in Tennessee Code Annotated section 40-35-102. Sentencing considerations are included in Tennessee Code Annotated section 40-35-103. While it is possible that the trial judge failed to specifically address those statutes, the ultimate sentence suggests that he considered the applicable law. Moreover, neither a transcript of the original sentence nor a transcript of the revocation hearing, both of which would have been helpful for a full and complete review, appear in this record. Traditionally, the burden is on the appealing party to provide an adequate record for our review.

Whether the trial court is entitled to a presumption of correctness or not, the sentence imposed, as indicated, appears to be in accordance with the purposes of the 1989 Act and reflects appropriate sentencing considerations. For example, the statute contemplates that the defendant should be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. See Tenn. Code Ann. § 40-35-102(1). The sentence, the resentence, and the terms of the order entered after our remand appear to encourage the rehabilitation of this defendant "by promoting the use of alternative sentencing and correctional programs that elicit voluntary cooperation." See Tenn. Code Ann. § 40-35-102(3)(A). By the imposition of jail time, the trial court implicitly considered the proposition that confinement is often necessary to avoid depreciating the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1)(B). Obviously, the trial court considered the potential of the defendant for rehabilitation and treatment, considered alternatives to prison, and imposed, in our view, "the least severe measure necessary to achieve the purposes for which the sentence is imposed." See Tenn. Code Ann. § 40-35-103(4)-(6). Even if the trial court is not entitled to the presumption of correctness, this court, after full consideration of the principles of sentencing, including any claims of mitigation, would impose the same term.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE